IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARIE JEAN,

 Plaintiff,

   v.      CIVIL NO.: WDQ-13-0117

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF MARYLAND,
 *et al.*,

 Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

 Marie Jean sued the Board of Regents of the University
System of Maryland (the "Board"), the University of Maryland
Baltimore County ("UMBC"), and Freeman A. Hrabowski, III,
President of UMBC, (collectively, the "defendants") for
violations of the Americans with Disabilities Act ("ADA")[1] and §
504 of the Rehabilitation Act.[2] Pending are the Board's motion
to dismiss the amended complaint,[3] the defendants' motion for
reconsideration of the preliminary injunction, and Jean's motion
to strike a portion of the defendants' reply to the

---

[1] 42 U.S.C. §§ 12131 *et seq.*

[2] 29 U.S.C. § 794.

[3] The Board's motion to dismiss the complaint will be denied as
moot.

reconsideration motion.[4] For the following reasons, the motion to dismiss will be denied. The motions for reconsideration and to strike will be denied as moot.

I.   Background[5]

Jean is a student at UMBC who suffers from numerous disabilities arising out of a car accident. ECF No. 9 ¶¶ 1, 17, 18. Although it promised numerous accommodations to Jean, UMBC failed to meet some of its obligations during 2012, such as providing electronic copies of books usable with her screen-reading software. *Id.* ¶¶ 27, 32-33.

On January 10, 2013, Jean filed suit against the Board and moved for a preliminary injunction. ECF Nos. 1, 2. On January 18, 2013, she filed an amended complaint naming all three defendants. ECF No. 9.

On January 29, 2013, the Court issued a preliminary injunction governing UMBC's provision of accommodations to Jean for the Spring 2013 semester. ECF No. 15. On February 1, 2013, the Board moved to dismiss the amended complaint. ECF No. 18. That day, Jean opposed the motion. ECF No. 20. On February 14, 2013, the Board replied.

---

[4] Also pending is the defendants' unopposed motion to seal exhibits to the reply that contain Jean's grades. The motion will be granted.

[5] For a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

On February 22, 2013, the defendants moved for reconsideration of the preliminary injunction. ECF No. 23. On March 7, 2013, Jean opposed the motion. ECF No. 26. On March 19, 2013, the defendants replied. ECF No. 31. On March 22, 2013, Jean moved to strike part of the defendants' reply to the motion for reconsideration. ECF No. 36. On March 27, 2013, the defendants opposed the motion to strike. ECF No. 38.

II. Analysis

    A. Motion to Dismiss

        1. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2.   The Board's Motion

The Board asserts that it lacks the power to take action in this case and is not a proper defendant. ECF No. 18-1. Jean contends that the Board is amenable to suit in this case under Maryland law. ECF No. 20.

Under Md. Code Ann., Educ. § 12-102(b), "The government of the University System of Maryland is vested in the Board of Regents of the University System of Maryland." The Board "[i]s responsible for the management of the University System of Maryland and has all the powers, rights, and privileges that go

4

with that responsibility," and may "sue and be sued . . . in all courts." *Id.* § 12-104(b)(3), (c)(1). However,

> Consistent with the goals, objectives, and priorities of the Board of Regents and its legal responsibility for the efficient management of the University, [the Board] shall delegate to the president of each constituent institution authority needed to manage that institution, including authority to make and implement policies promoting the mission of that institution, including the authority to establish policies appropriate to the institution's mission, size, location, and financial resources.

*Id.* § 12-104(k)(1).

Each institution of the University System is headed by a president, who "serve[s] as the chief executive officer of the institution," is "responsible and accountable to the Board for the discipline and successful conduct of the institution and supervision of each of its departments," and "serves at the pleasure of the Board of Regents." *Id.* § 12-109(c), (d)(1)-(2).

The Board asserts that from this structure, it is not responsible for any violations of the ADA by UMBC. Other than the statute, it has not provided any authority for this proposition, nor has the Court found any.[6] Although the Board's

---

[6] The Board cites three cases that it asserts defeat Jean's ability to maintain this action against it, *Stern v. Bd. of Regents*, 846 A.2d 996 (Md. 2004), *Bd. of Trustees v. John K. Ruff, Inc.*, 366 A.2d 360 (Md. 1976), and *State t/u/o Weddle v. Bd. of School Comm'rs of Frederick Cnty.*, 51 A. 289 (Md. 1902), all of which concern sovereign immunity. The Board has not claimed sovereign or Eleventh Amendment immunity in this case. Further, the Fourth Circuit has held that Title II of the ADA's protection of individuals with disabilities in higher education abrogated Eleventh Amendment immunity, as does acceptance of

5

management of UMBC has been delegated to Hrabowski by statute, *see* Md. Code Ann., Educ. § 12-104(k)(1), the statute is equally clear that the Board retains ultimate responsibility for the entire University System. *See id.* §§ 12-104(c)(1), 12-109(d)(2). Combined with the Board's capacity to "sue and be sued," *id.* § 12-104(b)(3), these provisions indicate that the Board is a proper defendant in this case. Accordingly, the motion to dismiss will be denied.

    B.    The Motion for Reconsideration and Motion to Strike

    The defendants seek reconsideration of the Court's preliminary injunction. ECF No. 23. Jean moves to strike a portion of the defendants' reply brief. ECF No. 36.

    Although not explicitly so stated, the preliminary injunction applied only to the Spring 2013 semester. The deadlines for UMBC's compliance with Jean's accommodations are based on the progression of that semester, and the injunction does not impose any later obligations. *See* ECF No. 15 at 2 (setting deadlines, *inter alia*, for provision of materials by February 22, 2013, and requiring UMBC to obtain a list of readings for the Spring 2013 semester within 10 days of the

---

federal funds under the Rehabilitation Act. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484-96 (4th Cir. 2005).

Order).  The Spring 2013 semester at UMBC has concluded.[7]  As the
terms of the preliminary injunction do not extend to future
semesters, reconsideration of the injunction is moot.[8]
Accordingly, the motions for reconsideration and to strike will
be denied as moot.

III. Conclusion

For the reasons stated above, the motion to dismiss will be
denied.  The motions for reconsideration and to strike will be
denied as moot.

_____7/23/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[7] *See* UMBC Academic Calendar Spring 2013, *available at*
http://registrar.umbc.edu/files/2013/03/S13Cal.pdf (listing
final exams as concluding May 22, 2013).

[8] The Court hopes that the parties will be able to work toward
reasonable accommodations for Jean in future semesters.  If she
does not receive the services that she needs, Jean may seek
further injunctive relief from the Court.